**SCHLEIER LAW OFFICES, P.C.**
3101 N. Central Avenue
Suite 1090
Phoenix, Arizona 85012
Telephone: (602) 277-0157
Facsimile: (602) 230-9250

TOD F. SCHLEIER, ESQ. #004612
Email: Tod@SchleierLaw.com
BRADLEY H. SCHLEIER, ESQ. #011696
Email: Brad@SchleierLaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Candice Lawrence-Reed, a single woman,  <br><br>  Plaintiff,  <br>v.  <br><br>NextGen Healthcare, Inc., a foreign corporation; Topaz Information Solutions, LLC, a limited liability company,  <br><br>  Defendants. | Case No.  <br><br>**COMPLAINT**  <br><br>**(Jury Trial Demanded)** |

Plaintiff, by and through counsel, for her Complaint against Defendants, alleges:

## I. NATURE OF CLAIM

1. This is a proceeding for damages against Defendants NextGen Healthcare, Inc. and Topaz Information Solutions, LLC, to redress the deprivation of rights secured to Plaintiff by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. for retaliation.

## II. JURISDICTION

2. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and the Civil Rights Act of 1964 (Title VII), as amended and modified, 42 U.S.C. §§ 2000e *et seq*.

## III. VENUE

3. Venue is proper because the acts detailed in this Complaint occurred within the State of Arizona and the jurisdiction of this Court.

## IV. PROCEDURAL REQUIREMENTS

4. Plaintiff filed a Charge of Discrimination with Equal Employment Opportunity Commission (EEOC) on August 13, 2019 alleging discrimination on the basis of her gender and retaliation. The EEOC issued its Notice of Right to Sue on March 16, 2021. Plaintiff has satisfied all procedural requirements necessary to bring this action.

## V. PARTIES

5. Plaintiff Candice Lawrence-Reed (hereinafter "Plaintiff") is a female who was employed by Defendant Topaz Information Solutions, LLC during the period 2014 until her termination on December 14, 2018.

6. Defendant Topaz Information Solutions, LLC (hereinafter "Topaz") is a healthcare solutions company dedicated to meeting the needs of behavioral health and social services organizations and is an employer with respect to Title VII of the Civil Rights Act.

7. Defendant NextGen Healthcare, Inc. (hereinafter "NextGen") is a software and services company which develops and sells electronic health record (EHR) software and practice management systems to the healthcare industry with its headquarters in Irvine, California and is an employer with respect to Title VII of the Civil Rights Act.

8. On or about October 13, 2019, Defendant NextGen acquired all of the assets of Defendant Topaz. Javier Favela, formerly Defendant Topaz's Chief Executive Officer became the Vice President, Behavioral Health Solutions at Defendant NextGen and all of Defendant Topaz's employees became employees of Defendant NextGen. Defendant Topaz

was aware of and had been served Plaintiff's EEOC charge of discrimination prior to Defendant NextGen's acquisition of Defendant Topaz.

9. Because Defendant Topaz sold its assets to Defendant NextGen, Defendant Topaz may not be able to provide adequate monetary or injunctive relief without Defendant NextGen.

## VI. FACTUAL ALLEGATIONS

10. Plaintiff was hired in August 2014 as an Account Manager, reporting directly to the then CFO, Javier Favela. Upon being hired, Defendant Topaz asked Plaintiff to relocate from California to Arizona on multiple occasions. In November 2016 Plaintiff agreed; Defendant Topaz signed a ten-month lease for Plaintiff's housing, and then signed a second ten-month lease, both of which named the Plaintiff as the occupant.

11. In November 2016, Plaintiff was promoted to the position of Strategic Account Executive, reporting to Javier Favela, Chief Executive Officer. As Strategic Account Executive, Plaintiff was responsible for forecasting and execution of business sales and relationship management, presented Defendant Topaz's products and services to assigned customers, while managing customer accounts and contracts.

12. Defendant Topaz has a sexual harassment policy, which specifically states Topaz expects employees to make a timely complaint to investigate and correct any behavior that may be in violation of its own policy. Defendant Topaz has Employee Guidelines, including an Employee Problem Procedure which states: "When an employee believes an employment decision, working condition or treatment is unjust, inequitable, a hindrance to effective business operations or otherwise problematic, he or she is encouraged to discuss the matter with Management."

13. Based upon Plaintiff's information and belief, it is Defendant Topaz's practice to utilize progressive discipline before terminating other employees and Plaintiff

is aware of other employees who have received progressive discipline before termination of employment.

14. At all times during her employment, Plaintiff received good performance reviews. Plaintiff was never disciplined and was never apprised of any job deficiencies nor did she receive any verbal or written warnings.

15. In October 2017, Ken Kontowicz was hired as Vice President of Sales for Defendant Topaz.  Mr. Kontowicz did not directly supervise Plaintiff.  Mr. Kontowicz assigned potential inside sales opportunities in Plaintiff's territory to males when such opportunities should have been directed to her. These assignments directly interfered with Plaintiff's ability to reach her sales goals and had the ability to confuse customers by dealing with different salespersons.

16. In spring 2018, Plaintiff reported to her supervisor, Ms. Ronke Komolafe, about Mr. Kontowicz' and other employees' creation of a hostile work environment toward Plaintiff which interfered with her ability to accomplish her job. Plaintiff informed Ms. Komolafe that Mr. Kontowicz cut her off during weekly business development meetings and questioned Plaintiff in front of others for the purpose of making her look bad and embarrass her in front of her colleagues.

17. Upon information provided by Ronke Komolafe to Plaintiff, as a follow-up to Plaintiff's complaints regarding Ken Kontowicz, it is Plaintiff's understanding and belief, that Mr. Kontowicz received a reprimand from Mr. Favela in March 2018 for his unprofessional treatment toward Plaintiff.

18. In June/July 2018, after Plaintiff complained to Ms. Komolafe about the continued harassing behaviors on more than one occasion, Ms. Komolafe began to attend the weekly business development meetings in an effort to mitigate the harassing behavior towards Plaintiff.

19. On December 11, 2018, Plaintiff had a phone call with Ms. Komolafe and again complained about harassing behavior and the hostile work environment such that it was difficult for Plaintiff to perform her job duties. Plaintiff requested to take paid time off for two days.

20. Just three days later, on December 14, 2018, without prior notice or warning, Plaintiff's employment with Defendant Topaz was terminated, with Mr. Favela's statement that "it was no longer a fit." At the time of Plaintiff's termination, Plaintiff was provided a favorable reference letter written by Ms. Komolafe.

## FIRST CLAIM FOR RELIEF
## (Retaliation in Violation of Title VII)

21. Plaintiff realleges the allegations of Paragraphs 1-20 as if fully set forth herein.

22. The acts or omissions of Defendants, as alleged herein above, violate Title VII of the Civil Rights Act of 1964, as amended and created a hostile work environment for Plaintiff.

23. The acts and omissions of Defendants, and its employees, as alleged herein above, violate Title VII's retaliation provisions.

24. Defendants willfully and intentionally retaliated against Plaintiff, as alleged hereinabove, on the basis of reprisal for her complaints about the hostile work environment three days after her last report to Ms. Komolafe.

25. Plaintiff has been damaged by Defendants' violations of Title VII in the form of lost wages, mental and emotional distress, damage to her reputation and such other damages as proven at trial.

26. Defendants willfully and intentionally discriminated against Plaintiff, as alleged hereinabove, on the basis of her sex and created a hostile work environment for

Plaintiff. When Plaintiff complained to her supervisor, on more than one occasion, about a hostile work environment caused by the Vice President of Sales, Plaintiff was terminated.

27. Plaintiff is damaged by Defendants' violations of Title VII including lost wages, the value of benefits, mental and emotional distress and damage to her reputation and such other damages as proven at trial.

28. The actions were done in reckless indifference to Plaintiff's federally-protected rights and Plaintiff is therefore entitled to recover punitive and exemplary damages under Title VII.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

1. This court declare the actions complained of herein to be in violation of Title VII of the Civil Rights Act, as amended;

2. Actual damages in the form of wage loss and the value of benefits and front pay;

3. Compensatory damages be awarded to Plaintiff and against Defendants;

4. Punitive and exemplary damages;

5. Plaintiff be awarded her attorneys' fees pursuant to 42 U.S.C. §1988;

6. Plaintiff be awarded her costs; and

7. Plaintiff be awarded all other relief that this Court deems just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial.

DATED this 10th day of May 2021.

**SCHLEIER LAW OFFICES, P.C.**
/s/ Tod F. Schleier
Tod F. Schleier
*Attorney for Plaintiff*